IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW LEE ROWELL, #165526, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-378-WHA |
| | ) | |
| WALTER MYERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Matthew Lee Rowell ("Rowell"), an indigent state inmate, on June 20, 2016. Doc. No. 7. In the amended complaint, Rowell alleges that the defendants acted with deliberate indifference in providing post-operative treatment to him at Easterling Correctional Facility after brain surgery performed in 2014 at the University of Alabama Birmingham ("UAB") Hospital. The record establishes that the alleged constitutional violations began, at the earliest, upon Rowell's transfer to Easterling on September 1, 2015.

Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claim for relief presented by Rowell. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Rowell. Specifically, the defendants assert and the documented evidence demonstrates that the defendants did not

act with deliberate indifference to Rowell's medical needs during his incarceration at Easterling. Instead, the undisputed medical records compiled contemporaneously with the treatment provided to Rowell indicate that he received treatment from both prison medical personnel at Easterling and free-world physicians, including ophthalmologists at the Callahan Eye Foundation at UAB and an ear, nose and throat specialist in Montgomery, Alabama, for conditions resulting from his intricate brain surgery. These records also show that Rowell has undergone several CTs of his head and neck in an effort to determine the proper course of treatment for his post-operative care.

In light of the foregoing, the court issued an order directing Rowell to file a response to the defendants' written reports. Doc. No. 17. The order advised Rowell that his failure to respond to the reports filed by the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 2 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Rowell for filing his response to the defendants' written reports expired on February 27, 2017. As of the present date, he has failed to file a requisite response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of*

*Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Rowell is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Rowell's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred, i.e., the defendants have not acted with deliberate indifference to his medical needs. It therefore appears that any additional effort by this court to secure Rowell's compliance would be unavailing and a waste of this court's scarce resources. Consequently, the court concludes that Rowell's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before April 28, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and

recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12thday of April, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE